Filing # 15160933 Electronically Filed 06/24/2014 11:43:58 AM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIRCUIT CIVIL CASE NO.: 14-CA-6696-O

IVONNE ALVIRA, Formally
Known as Ivonne Rios,

        Plaintiff,

vs.

OERTHER FOODS, INC. d/b/a
MCDONALD'S and HECTOR
PACHECO, Individually,

        Defendants.

_____/

## COMPLAINT

Plaintiff, IVONNE ALVIRA Formally Known as Ivonne Rios, hereinafter referred to as "Plaintiff" by and through her undersigned attorneys, hereby sues the Defendants, OERTHER FOODS, INC. d/b/a MCDONALD'S hereinafter referred to as "MCDONALD'S" and HECTOR PACHECO, Individually hereinafter referred to as "PACHECO" collectively referred to as "DEFENDANTS" and alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action for damages in excess of $15,000.00.

2.      Venue lies within Orange County, Florida because a substantial part of the events giving rise to this claim arose in this Judicial District.

### PARTIES

3.      At all times material hereto, Plaintiff, was a resident of Orange County, Florida.

4.      Defendant is a Florida profit corporation licensed and authorized to conduct business in the State of Florida and doing business within Orange County.

5.    Defendant, Pacheco, is an individual who resides in Orange County.

## ADMINISTRATIVE PREREQUISITES

6.    All conditions precedent to bringing this action have occurred.

7.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). Copies of the charges are attached as Exhibit "A".

8.    Plaintiff then received a Notice of Right To Sue. See attached Exhibit "B".

9.    More than 180 days have passed since the filing of this Charge.

## GENERAL ALLEGATIONS

10.    At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's State and Federal protected rights.

11.    At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

12.    Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

13.    Plaintiff requests a jury trial for all issues so triable.

## FACTS

14.    Plaintiff began her employment with Defendant, McDonald's, or about January 2012, in the Position of Front Cashier.

15.    During the term of her assignment with Defendant, Plaintiff, was assaulted and touched in an offensive manner by her Manager, Hector Pacheco.

16.    Examples of the offensive behavior and assault and battery include, but are not limited to:

a.     On multiple occasions Mr. Pacheco would make passes at plaintiff.

b.     Mr. Pacheco texted plaintiff asking her to call  him.  When plaintiff returned Mr. Pacheco's call, he asked plaintiff if her husband was around and asked plaintiff if she wanted to have sex with him.

c.     On one occasion Mr. Pacheco acted like he bumped into plaintiff and touched her private parts. Following this incident plaintiff immediately filed an incident report with the Orange County Sheriff's Office.

17.     Plaintiff reported Pacheco's behavior to Human Resources and was told that there would be a meeting to discuss the incidents.

18.     Following the first meeting with Human Resources, plaintiff was transferred to a different McDonald's store and her hours began to decrease.

19.     Plaintiff was scheduled to have a second meeting with Human Resources and was advised that her husband could not attend the meeting because it was a private matter and that the company would provide a translator for the meeting.

20.     The translator that the company provided during the meeting was, Paul, who happened to be a good friend of Defendant, Pacheco.

21.     Following the second meeting with Human Resources plaintiff was taken off of the schedule.

22.     When plaintiff asked her supervisor when she would be scheduled to work next, plaintiff was told that she would been given  a call.  Plaintiff never received a call from her supervisor.

-3-

23.     Approximately two weeks later, on or about November 14, 2012, plaintiff contacted her supervisor to find out when she would be working next.  At that time plaintiff was informed that she had been placed on an "on-call" status.

## COUNT I - ASSAULT AND BATTERY

24.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 23.

25.     That all times material hereto Defendant, Pacheco, was an employee of the Defendant, McDonald's, acting in a managerial capacity and acting within the course and scope of his employment.

26.     At all times material hereto, Hector Pacheco had direct supervisory responsibility and control over the terms and conditions of the Plaintiffs' employment.

27.     Hector Pacheco intentionally and unlawfully directed physical touching toward Plaintiff and created a fear in Plaintiff of imminent peril and said conduct was coupled with the apparent present ability to effectuate the threat.

28.     Defendant, McDonald's, is vicariously liable for the assaults and batteries perpetrated on Plaintiff by Hector Pacheco, as its managing agent acting within the apparent scope of his authority.

29.     The batteries were unwanted by Plaintiff and she did not consent to his actions.

30.     As a direct result of the batteries perpetrated on Plaintiff suffered the following damages:

a.     Mental pain;

b.     Severe emotional distress;

-4-

c.      Embarrassment;

d.      Humiliation;

e.      Mental anguish;

f.      Loss of the capacity for the enjoyment of life;

g.      Impairment of working ability;

h.      Loss of dignity;

i.      Loss of or diminution of earning or earning capacity.

**COUNT II**
**FLORIDA CIVIL RIGHTS ACT - SEXUAL HARASSMENT**

31.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 23.

32.     Plaintiff is a member of a protected class.

33.     The aforementioned actions by Plaintiff's Manager constitute unwelcome sexual harassment.

34.     The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

35.     The Defendants knew or should have known of the harassment of Plaintiff.

36.     The aforementioned actions created a hostile environment and constitutes discrimination on the basis of sex, in violation of the Florida Civil Rights Act.

37.     The sexual harassment and conduct of Pacheco created a hostile work environment which interfered with Plaintiff's ability to perform her job.

38.     The Defendants' actions were intentional and encouraged an environment where

–5–

degradation based on sex was common and tolerated.

39.     As a result of Defendants' unlawful sexual harassment and retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants for:

a.      Back pay  and benefits;

b.      Interest in back pay and benefits;

c.      Front pay and future benefits;

d.      Loss of future earning capacity;

e.      Emotional pain;

f.      Suffering;

g.      Attorneys fees and costs;

h.      Punitive damages;

i.      Inconvenience; and

j.      For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT - RETALIATION

40.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 23.

41.     Plaintiff suffered an adverse employment action for opposing an employment practice  made unlawful by the Florida Civil Rights Act.

–6–

42.    The aforementioned actions by Defendants constitute retaliation by Defendants in violation of Florida Statutes Chapter 760.

43.    As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has also suffered lost wages and benefits and lost employment opportunities.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants for:

    a.    Back pay and benefits;

    b.    Interest in back pay and benefits;

    c.    Front pay and future benefits;

    d.    Loss of future earning capacity;

    e.    Emotional pain;

    f.    Suffering;

    g.    Attorneys fees and costs;

    h.    Punitive damages;

    i.    Inconvenience; and

    j.    For any other relief this Court deems just and equitable.

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT - SEX DISCRIMINATION

44.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 23.

–7–

45.     Plaintiff is a member of a protected class under the Florida Civil Rights Act.

46.     By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of /her gender in violation of the Florida Civil Rights Act.

47.     Defendants knew, or should have known of the discrimination.

48.     As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants for:

     a.     Back pay and benefits;

     b.     Interest on back pay and benefits;

     c.     Front pay and benefits;

     d.     Compensatory damages for emotion pain and suffering;

     e.     Punitive damages;

     f.     For costs and attorneys' fees;

     g.     Injunctive relief;

     h.     For any other relief this Court deems just and equitable.

## COUNT V
### TITLE VII – SEXUAL HARASSMENT

49.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 23.

50.     Plaintiff is a member of a protected class.

51.     The aforementioned actions by Defendants constitute unwelcome sexual

–8–

harassment.

52.     The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

53.     The Defendants knew of or should have known of the harassment to Plaintiff.

54.     The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act.

55.     The Defendants' actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

56.     As a result of Defendants' unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants for:

a.     Back pay and benefits;

b.     Interest;

c.     Front pay and benefits;

d.     Compensatory damages;

e.     Pecuniary and non-pecuniary losses;

f.     Costs and attorneys' fees;

g.     Punitive damages; and

h.     For any other relief this Court deems just and equitable.

## COUNT VI
## TITLE VII - RETALIATION

57.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in

Paragraphs 1 - 23.

58.     Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

59.     The above described acts of retaliation constitute a violation of Title VII, 42 U.S.C. Section 2000 et seq.

60.     As a result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants for:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages;

e.      Pecuniary and non-pecuniary losses;

f.      Costs and attorney=s fees;

g.      Punitive damages; and

h.      For any other relief this Court deems just and equitable.

## COUNT VII
## TITLE VII - SEX DISCRIMINATION

61.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 - 23.

62.     Plaintiff is a member of a protected class under Title VII.

63.     By the conduct described above, Defendants engaged in unlawful employment

practices and discriminated against Plaintiff on account of her gender in violation of Title VII of the Civil Rights Act.

64. Defendants knew, or should have known of the discrimination.

65. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendants for:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotion pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorneys' fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

WHEREFORE, Plaintiff, IVONNE ALVIRA formally known as Ivonne Rios, demands a trial by jury and judgment against Defendants, OERTHER FOODS, INC. d/b/a MCDONALD'S and HECTOR PACHECO, Individually, for an amount within the jurisdictional limits of this Court, to wit: More than Fifteen Thousand ($15,000.00) Dollars, plus costs, and for such other relief to which the Plaintiff may be justly entitled.

Dated this 24th day of June 2014.

FLORIN, ROEBIG, P.A.

/s/Wolfgang M. Florin

–11–

Wolfgang M. Florin
Primary E-mail address:wmf@florinroebig.com
Florida Bar No.: 907804
Lindsey C. Kofoed
Primary E-mail address: lck@florinroebig.com
Florida Bar No.: 63956
Secondary E-Mail Addresses:
laborservice@florinroebig.com
tsm@florinroebig.com
777 Alderman Road
Palm Harbor, FL 34683
Telephone No.: (727) 786-5000
Facsimile No.: (727) 772-9833
Attorneys for Plaintiff(s)

–12–

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [X] EEOC | 15F-2013-00023 |

| City Of Orlando Office Of Human Relations | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mrs. Ivonne A. Rios | ▮ | ▮ |

| Street Address | City, State and ZIP Code |
|---|---|
| ▮ | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| MCDONALD'S - OERTHER FOODS | 101 - 200 | (407) 855-0423 |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| 5890 S. Orange Blossom Trail,  Orlando, FL 32809 | | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **04-15-2012**   Latest **11-14-2012**

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.   PERSONAL HARM:
On November 14, 2012, I was placed on a retaliatory "on-call" status after complaining to Human Resources of unwelcome sexual harassment.  I have also been subject to intimidation and inequitable terms and conditions of employment in my position as Cashier.  I have been employed since January 11, 2012.

II.   RESPONDENT'S REASON FOR PERSONAL HARM:
Hector Pacheco (male), Kathy (LNU), Store Managers, nor Paul (LNU/male), District Manager, has given any reasons for their discriminatory and/or retaliatory actions/treatment.

III.   DISCRIMINATION STATEMENT:
I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the 1992 Florida Civil Rights Act by Retaliation 704(a), 760.10(7) and my Sex/Female by Intimidation, Sexual Harassment and Terms and Conditions (drastically reduced hours and transfer denial) for the following reasons:

1. On November 14, 2012, I was placed on an "on-call" status in retaliation for my Human Resources complaint of, and rejections to Hector Pacheco's (male), Store Manager, unwelcome sexual advances, offensive physical gestures and blatant requests for sexual favors continuing from April 2012.

2. After consistently rejecting the unwanted sexual harassment, I was subject to harsher and stricter performance standards, verbal abuse, unwarranted reprimands (despite being Employee of the month), constant, excessive and unwarranted supervision, intimidating job threats, drastically reduced hours and transfer denials, all of which created an extremely hostile work environment initiated by Hector Pacheco, Store Manager, Paul (LNU/both male), District Manager and Kathy (LNU), Store Manager.

3. It is my belief that if it were not for my rejections to, and complaints of unwanted/unwelcome sexual harassment, I would not be subject to the aforementioned retaliatory and intimidating discriminatory treatment.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | *Carmen I. Feliciano* I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| Nov 30, 2012 | *Ivonne A. Rios* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* 11/30/12 |
|---|---|---|
| Date | Charging Party Signature | |

CARMEN I. FELICIANO
Notary Public - State of Florida
My Comm. Expires Jun 24, 2015
Commission # EE 70318
Bonded Through National Notary Assn.

**EXHIBIT**
*A*

State of __FLORIDA__

City/County of __ORLANDO/ORANGE__

Case Name _____

Case Number _____

(Please write legibly. Additional space provided under "Continuation of Information", page 4.)

## EMPLOYMENT DISCRIMINATION
## AFFIDAVIT (FEPA)

I, __Ivonne A. Rios__ being first duly sworn upon my oath affirm and hereby say:

I have been advised by a representative of the City of Orlando's Office of Human Relations, a contractual agent of the Equal Employment Opportunity Commission (EEOC), that this Affidavit will be considered confidential by the United States Government and will not be disclosed as long as the case remains open unless it becomes necessary for the Government to produce the affidavit in a formal proceeding. Upon the closing of this case, the Affidavit may be subject to disclosure in accordance with EEOC policy.

I am __38__ years of age; my gender is __Female__ ; my racial identity is __HiSpanic__

_Female or Male_

I reside at _____, City of _____

County of _____, State of _____ Zip Code _____

My telephone number is (include area code) _____

My complaint is against [(must be address of your work location.)

Name __McDonalds Denther Foods Blossom__

_Name of Company, Union, Employment Agency_

Address __6220 S. Orange Trail Suite 400 Orlando Fl 32809 Mama__

_No. and Street_   _City_   _State_   _Zip_   _County_

My job title is, or was (if applicable) __Cashier__     Hire Date __1-11-12__

My immediate supervisor is, or was (if applicable) _____

_Name_   _Job Title_

1. What is the nature of this employer's business? __Fast Food Restaurant__

2. How many employees work for this employer? __20 or More__

3. In which department are you currently working, or, were working? __Front Counter__

4. What is, or was, your position at the time of the alleged discrimination? __Cashier__

   Describe your duties and responsibilities. __Customer Service__

5. Describe your work history, experience and education. __7 years Customer Service__
   __H.S.__

6. Describe your overall work performance and your last performance evaluation. __I was__
   __Selected as Associate of the Month at Mcdonalds__

7. Have you received any disciplinary actions? ___ Yes   ✓No

8. If yes, state the type of disciplinary action and the date. _____

Charging Party's Initials: _____   Employment Discrimination Affidavit (FEPA) -- Revised 05/12   Page 1 of 4

8. Are you willing to participate in a Mediation Conference to seek an early resolution to your charge? *See attached Mediation Fact Sheet.*

☐ Yes

☐ No

**Charging Party's Statement**

Under penalty of perjury, I declare that I have read the entire contents of this Affidavit and have had an opportunity to correct my answers. I swear that my answers and statements contained herein are true and correct to the best of my knowledge, information and belief.

_____
Charging Party's Signature

State of Florida
County of Orange

The foregoing instrument was acknowledged before me this __30th__ day of __November__ in the year of __2012__

by _Ivonne A. Rios_ who has produced
        Name

_Fl DL #_ ███████████████████ as identification.

                                    Expires 3-28-2018

_____
Signature of Notary Public

11/30/12
_____
Name of Notary Public Typed, Printed or Stamped

CARMEN I. FELICIANO
Notary Public - State of Florida
My Comm. Expires Jun 24, 2015
Commission # EE 70318
Bonded Through National Notary Assn.

Charging Party's Initials: _____     Employment Discrimination Affidavit (FEPA) – Revised 05/12     Page 3 of 4

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)**

| To: Ivonne A. Rios-Alvira | From: Tampa Field Office<br>501 East Polk Street<br>Room 1000<br>Tampa, FL 33602 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15F-2013-00023 | Debra Hansen,<br>Investigator | (813) 202-7930 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Georgia M. Marchbanks,
Director

(Date Mailed)

Enclosures(s)

cc: MCDONALD'S - OERTHER FOODS
C/O MARTIN LA POINTE
LA POINTE LAW PC
1200 SHERMER RD STE 310
NORTHBROOK IL 60062

Wolfgang M. Florin, Esq.
FLORIN/ROEBIG TRIAL ATTORNEY
777 Alderman Road
Palm Harbor, FL 34683


EXHIBIT
B